**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**5:26-cv-00053-MEO**

| | | |
|---|---|---|
| **EDWARD LAMONT WOMBLE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **MEMORANDUM OF** |
| | ) | **DECISION AND ORDER** |
| | ) | **ON INITIAL REVIEW** |
| **RONNIE L. HONEYCUTT, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

THIS MATTER is before the Court on initial review of Plaintiff's Complaint, [Doc. 1], filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e)(2) and 1915A. Plaintiff is proceeding in forma pauperis in this matter. [Docs. 2, 4].

I.  BACKGROUND

Pro se Plaintiff Edward Lamont Womble ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Alexander Correctional Institution ("Alexander") in Taylorsville, North Carolina. On March 11, 2026, he filed this action pursuant to 42 U.S.C. § 1983, naming the following Defendants: Ronnie L. Honeycutt, identified as the Warden at Alexander; Rahil Patel, identified as a doctor at Alexander; and Lashea Young, identified as a physician's assistant at Alexander.[1] [Doc. 1]. Plaintiff alleges as follows.

Plaintiff cannot hear in his right ear. [Id. at 3]. He is an ADA inmate and has had a hearing aid since January 10, 2024. Defendant Young ordered a battery for the Plaintiff with a "start date" of May 9, 2024, and which expired on November 4, 2024. Plaintiff's hearing aid battery expired on April 25, 2025. [Id. at 2]. From April 25, 2025, to January 2, 2026, Plaintiff was without a

---

[1] Plaintiff does not allege whether he sues these Defendants in their individual or official capacities. The Court, therefore, will address both.

hearing aid.  [Id. at 3].  Defendant Young failed to send a note to the doctor regarding the hearing aid and Defendant Patel failed to renew the battery for Plaintiff's hearing aid while Plaintiff was under his care.  [Id.].  Plaintiff missed overhead announcements, could not hear his radio, and "could not engage with family on the phone" while he was without a functioning hearing aid.  [Id. at 3].

Plaintiff does not allege what rights he claims were violated as a result of the alleged conduct.  [See id. at 3].  The Court will address those claims fairly raised by Plaintiff's Complaint. He seeks monetary relief only.  [Id. at 5].

## II.     STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2).  Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios.  Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).  Furthermore, a pro se complaint must be construed liberally.  Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law.

2

Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.    DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law.  See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023).

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976).  To state a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the inmate.  Id. Deliberate indifference "entails something more than mere negligence," but does not require actual purposeful intent.  Farmer v. Brennan, 511 U.S. 825, 835 (1994); Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997). "It requires that a prison official actually know of and disregard an objectively serious condition, medical need, or risk of harm." Rish, 131 F.3d at 1096 (quoting Farmer, 511 U.S. at 837).

To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837; Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998).  "[E]ven if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention." Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md. 1975), aff'd, 535 F.2d 1250 (4th Cir. 1976).

A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for

a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (internal quotation marks omitted). An official acts with deliberate indifference if he had actual knowledge of the prisoner's serious medical needs and the related risks but nevertheless disregards them. DePaola v. Clarke, 884 F.3d 481, 486 (4th Cir. 2018). The prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

Allegations that might be sufficient to support negligence and medical malpractice claims do not, without more, rise to the level of a cognizable Section 1983 claim. Estelle, 429 U.S. at 106. "[E]ven if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention." Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md. 1975), *aff'd*, 535 F.2d 1250 (4th Cir. 1976). Further, the constitutional right is to medical care. No right exists to the type or scope of care desired by the individual prisoner. Id. at 763. Therefore, a disagreement "between an inmate and a physician over the inmate's proper medical care [does] not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).

Taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, Plaintiff has nonetheless failed to state a claim for deliberate indifference to his serious medical needs. At best, Plaintiff's allegations suggest that one or more Defendants may have been negligent in their care of Plaintiff. This does not amount to a constitutional violation redressable under § 1983.

Moreover, to establish liability under 42 U.S.C. § 1983, a plaintiff "must affirmatively show that the official charged acted personally in the deprivation of [his] rights." Williamson v. Stirling, 912 F.3d 154, 171 (4th Cir. 2018) (cleaned up); see Vinnedge v. Gibbs, 550 F.2d 926,

928 (4th Cir. 1977) (citation omitted). Mere knowledge of a deprivation is insufficient. <u>Williamson</u>, 912 F.3d at 171. As such, the doctrine of respondeat superior does not apply in actions brought under § 1983. <u>See</u> <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 694 (1978). Here, Plaintiff has failed to allege any personal involvement by Defendant Honeycutt, other than a vague allegation that he "failed to ensure" that officials at Alexander "adequately respond to serious medical conditions." [Doc. 1 at 2]. This is plainly insufficient to state a § 1983 claim against Defendant Honeycutt. The Court will dismiss this Defendant.

To the extent Plaintiff purports to sue the Defendants, who he alleges are state officials, for money damages in their official capacities, he has failed. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." <u>Will v. Dep't of State Police</u>, 491 U.S. 58, 71 (1989). Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder. <u>Allen v. Cooper</u>, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019). Furthermore, the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies. <u>See</u> <u>Ballenger v. Owens</u>, 352 F.3d 842, 844-45 (4th Cir. 2003). As such, Plaintiff's claims against Defendants in their official capacities do not survive initial review and will be dismissed.

Finally, to the extent Plaintiff sought to state a claim for violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, <u>et</u> <u>seq.</u>, based on the failure to timely replace his hearing aid battery, he has failed. Other than his allegation of being unable to hear in his right ear, Plaintiff has failed to alleged facts supporting the elements of such an ADA claim. <u>See</u> <u>Miller v. Hinton</u>, 288 Fed. App'x 901, 902 (4th Cir. 2008) (To establish a prima facie case under Title II of the ADA, a plaintiff must show that: (1) he has a disability; (2) he was either excluded from

5

participation in or denied the benefits of some public entity's services, programs, or activities for which he was otherwise qualified; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability.) (citations omitted). Moreover, "'the ADA cannot be used to assert a claim of inadequate medical care.'" <u>Davis v. Keller</u>, No. 7:23-cv-00593, 2024 WL 4326544, at *8 (W.D. Va. Sept. 27, 2024) (quoting <u>Baxley v. Jividen</u>, 508 F.Supp.3d 28, 62 (S.D.W. Va. 2020)) (collecting cases). The Court, therefore, will dismiss this claim.

The Court will allow Plaintiff to amend his Complaint to state a claim for relief in accordance with the terms of this Order. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review and will be dismissed without prejudice. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted in accordance with the terms of this Order. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without prejudice.

**<u>ORDER</u>**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint fails initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B) for Plaintiff's failure to state a claim for relief and shall be **DISMISSED WITHOUT PREJUDICE** in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that Defendants Honeycutt, Patel, and Young are hereby **DISMISSED** as Defendants in this matter.

The Clerk is instructed to mail Plaintiff a blank prisoner § 1983 form.

**SO ORDERED**.

Signed: March 17, 2026

Matthew E. Orso
United States District Judge