| | |
|---|---|
| EDWARD LAMONT WOMBLE, )<br>                                    )<br>        **Plaintiff,**              )<br>                                    )<br>**vs.**                             )<br>                                    )<br>                                    )<br>PATEL RAHIL, et al.,                )<br>                                    )<br>        **Defendants.**             )<br>_____  ) | **MEMORANDUM OF**<br>**DECISION AND ORDER**<br>**ON INITIAL REVIEW** |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint, [Doc. 6], filed under 42 U.S.C. § 1983.  See 28 U.S.C. §§ 1915(e)(2) and 1915A.  Plaintiff is proceeding in forma pauperis in this matter.  [Docs. 2, 4].

## I.      BACKGROUND

Pro se Plaintiff Edward Lamont Womble ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Alexander Correctional Institution ("Alexander") in Taylorsville, North Carolina.  On March 11, 2026, he filed this action pursuant to 42 U.S.C. § 1983, naming Defendants: Ronnie L. Honeycutt, identified as the Warden at Alexander; Rahil Patel, identified as a doctor at Alexander; and Lashea Young, identified as a physician's assistant at Alexander.  [Doc. 1].  Plaintiff's Complaint failed initial review for his failure to state a claim upon which relief could be granted, and the Court dismissed it without prejudice.  [Doc. 5].  The Court allowed Plaintiff 30 days to file an amended Complaint to properly state a claim for relief. [Id. at 6].

Now before the Court for initial review is Plaintiff's timely Amended Complaint.  [Doc. 6]. Plaintiff names Patel and Young as Defendants in their individual and official capacities.  [Id.

at 2]. Plaintiff alleges as follows. On April 25, 2025, Plaintiff's hearing aid battery expired. The next day, Plaintiff asked nursing staff for a new battery. He was told on multiple occasions that a battery was "on order." On January 2, 2026, the battery order was renewed. [Id. at 13]. Plaintiff was under Defendant Patel's care from July 14, 2025, to January 30, 2026. Defendant Patel did not renew Plaintiff's hearing aid battery. Defendant Young was Plaintiff's provider who previously ordered a hearing aid battery for the Plaintiff. She did not send a request to Defendant Patel about the battery. Plaintiff has been an ADA prisoner since January 10, 2024, which reflects that his hearing loss is a serious medical need. Despite "staff" knowing that Plaintiff had a serious medical need, they ignored his need for a battery for nine months. [Id. at 14].

Plaintiff alleges having received inadequate medical care and violation of his rights under the Eighth, or alternatively Fourteenth, Amendment.[1] [Id. at 3, 12]. Plaintiff claims to have lost hearing in his right ear for nine months, which caused him to miss overhead announcements, including meal, religion, medical and educational calls. [Id. at 5, 14]. Plaintiff seeks monetary and declaratory relief. [Id. at 15].

## II.    STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is

---

[1] Because the Plaintiff's claim is more properly considered under the Eighth Amendment, the Court will disregard Plaintiff's alternative claim under the Fourteenth Amendment.

frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.    DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023).

### A.    Official Capacity

"[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Dep't of State Police, 491 U.S. 58, 71 (1989). Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder. Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019). Furthermore, the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). As such, Plaintiff's claims against Defendants in their official capacities do not survive initial review and will be dismissed.

3

**B.     Eighth Amendment**

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id. Deliberate indifference "entails something more than mere negligence," but does not require actual purposeful intent. Farmer v. Brennan, 511 U.S. 825, 835 (1994); Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997). "It requires that a prison official actually know of and disregard an objectively serious condition, medical need, or risk of harm." Rish, 131 F.3d at 1096 (quoting Farmer, 511 U.S. at 837).

To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837; Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). "[E]ven if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention." Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md. 1975), aff'd, 535 F.2d 1250 (4th Cir. 1976).

A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (internal quotation marks omitted). An official acts with deliberate indifference if he had actual knowledge of the prisoner's serious medical needs and the related risks but nevertheless disregards them. DePaola v. Clarke, 884 F.3d 481, 486 (4th Cir. 2018). The prison official "must both be aware of facts from which

4

the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

Allegations that might be sufficient to support negligence and medical malpractice claims do not, without more, rise to the level of a cognizable Section 1983 claim. Estelle, 429 U.S. at 106. "[E]ven if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention." Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md. 1975), aff'd, 535 F.2d 1250 (4th Cir. 1976). Further, the constitutional right is to medical care. No right exists to the type or scope of care desired by the individual prisoner. Id. at 763. Therefore, a disagreement "between an inmate and a physician over the inmate's proper medical care [does] not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).

Taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, Plaintiff has again nonetheless failed to state a claim for deliberate indifference to his serious medical needs. That is, Plaintiff's allegations fail to suggest that either Defendant actually knew of and consciously disregarded an excessive risk to Plaintiff's health or safety. Rather, Plaintiff alleges only that Plaintiff was under Defendant Patel's care for part of the relevant time and that Defendant Patel did not renew the battery. As to Defendant Young, Plaintiff alleges only that Defendant Young was the provider who previously ordered a hearing aid battery for the Plaintiff and that she did not send a request to Defendant Patel about the battery. At best, Plaintiff's allegations suggest that one or more individuals may have been negligent in their care of Plaintiff. This does not amount to a constitutional violation redressable under § 1983.

To the extent Plaintiff sought to state a claim for violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq., based on the failure to timely replace his

5

hearing aid batter, he has again failed.  Other than his allegation of being unable to hear in his right ear, Plaintiff has failed to alleged facts supporting the elements of such an ADA claim.  See Miller v. Hinton, 288 Fed. App'x 901, 902 (4th Cir. 2008) (To establish a prima facie case under Title II of the ADA, a plaintiff must show that: (1) he has a disability; (2) he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities for which he was otherwise qualified; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability.) (citations omitted).  Moreover, "'the ADA cannot be used to assert a claim of inadequate medical care.'"  Davis v. Keller, No. 7:23-cv-00593, 2024 WL 4326544, at *8 (W.D. Va. Sept. 27, 2024) (quoting Baxley v. Jividen, 508 F.Supp.3d 28, 62 (S.D.W. Va. 2020)) (collecting cases).  The Court, therefore, will dismiss this claim.

To the extent that the Plaintiff seeks relief under North Carolina law based on inadequate medical care, the Court declines to exercise supplemental jurisdiction, as no federal claim has passed initial review.  See Artis v. Dist. Of Columbia, 583 U.S. 71, 74 (2018) (when a district court dismisses all claims independently qualifying for the exercise of federal jurisdiction, it "ordinarily dismiss[es] as well all related state claims."); 28 U.S.C. § 1367(c)(3).  Accordingly, those claims are dismissed without prejudice.

Because Plaintiff has failed to state any claim for relief in his Amended Complaint and additional opportunity to amend would be futile, the Court will dismiss Plaintiff's federal claims with prejudice.  See Green v. Wells Fargo Bank, N.A., 790 Fed. App'x 535, 536 (4th Cir. 2020). The Court will, however, dismiss Plaintiff's state law claim without prejudice.

## IV.    CONCLUSION

For the reasons stated herein, the Court will dismiss Plaintiff's Amended Complaint with prejudice except for Plaintiff's state law claim, which the Court dismisses without prejudice to

6

Plaintiff seeking relief in state court, if he so chooses.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Amended Complaint [Doc. 7] is **DISMISSED WITH PREJUDICE** for Plaintiff's failure to state a claim for relief except for Plaintiff's state law claim based on inadequate medical care, which is **DISMISSED WITHOUT PREJUDICE** as further set forth in this Order.

The Clerk is instructed to terminate this action.

**IT IS SO ORDERED**.
Signed: April 8, 2026

Matthew E. Orso
United States District Judge

7